IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BROWNEN, ) | CV F 05-0663 OWW WMW HC |
| ) | |
| Petitioner, ) | ORDER REQUIRING PETITIONER TO FILE FIRST AMENDED PETITION ON CORRECT FORM AND TO NAME PROPER RESPONDENT |
| ) | |
| ) | |
| ) | |
| ) | |
| STATE OF CALIFORNIA PEOPLE, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the

1  petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.
2  <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see</u>, <u>also</u>, <u>Stanley v.</u>
3  <u>California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in
4  charge of state penal institutions is also appropriate.  <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at
5  360.  Where a petitioner is on probation or parole, the proper respondent is his probation or
6  parole officer and the official in charge of the parole or probation agency or state correctional
7  agency.  <u>Id</u>.

In this case, Petitioner names "State of California People" s Respondent.  Although Petitioner is currently in the custody of the California Department of Corrections, the Department cannot be considered the person having day-to-day control over Petitioner.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see</u>, <u>also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976).  However, in this case, the court will give Petitioner the opportunity to cure his defect by filed a first amended petition naming a proper respondent. <u>See</u>, <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same).

Additionally, petitions for writ of habeas corpus pursuant to Section 2254 filed in this court must be filed on the form designated by the court.  Therefore, the court will require Petitioner to file a first amended petition on the correct form.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court shall send Petitioner a copy of the form for filing a Section 2254 habeas corpus petition in this court;
2. Petitioner shall, within thirty days of service of this order, file a first amended petition

1     in this court on the correct form and naming the correct respondent.  Petitioner is

2     cautioned that his failure to comply with this order will result in a recommendation

3     that this action be dismissed.

4 IT IS SO ORDERED.

5 **Dated:**    **July 21, 2006**               **/s/  William M. Wunderlich**
  bl0dc4                                      UNITED STATES MAGISTRATE JUDGE